**Ernesto Gomez CONTRERAS, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73552.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 13, 2010.

Carlos Alfredo Cruz, Esquire, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner.

Regan Hildebrand, John Hogan, Senior Litigation Counsel, USDOJ—United States Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Ernesto Gomez Contreras, a native and citizen of Mexico, petitions for review of

---

ed by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Gomez Contreras's motion to reopen because he failed to demonstrate that the evidence he submitted was previously unavailable. *See* 8 C.F.R. § § 1003.2(a) and (c); *Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005).

Moreover, the BIA did not abuse its discretion in requiring Gomez Contreras to comply with *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), as a prerequisite to claiming ineffective assistance of counsel. *See Reyes v. Ashcroft,* 358 F.3d 592, 598–99 (9th Cir.2004) (approving *Lozada* requirements when alleged ineffectiveness is not clear from the record). This is not a case in which "counsel's ineffective assistance was obvious and undisputed on the face of the record." *Id.* at 597.

**PETITION FOR REVIEW DENIED.**